IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Chapter 7 |
| ARCHWAY COOKIES LLC, et al., | : | Bankr. Case No. 08-12323-CSS |
| | : | (Jointly Administered) |
| Debtors. | : | |
| _____ | : | |
| JEOFFREY L. BURTCH, | : | |
| CHAPTER 7 TRUSTEE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. 09-51429-CSS |
| | : | |
| DETROIT FORMING, INC., | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |
| JEOFFREY L. BURTCH, | : | |
| CHAPTER 7 TRUSTEE, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civ. No. 10-00895-LPS |
| | : | |
| DETROIT FORMING, INC., | : | |
| | : | |
| Appellee. | : | |
| _____ | : | |

**MEMORANDUM ORDER**

At Wilmington this **20th** day of **November, 2013**, this matter coming before the Court upon the appeal (the "Appeal") (D.I. 1) of Jeoffrey L. Burtch, Chapter 7 Trustee (the "Trustee") from the September 1, 2010 Order Granting Detroit Forming Inc.'s Motion for Summary

Judgment (the "Order") (D.I. 1) and accompanying Opinion (the "Opinion")[1] entered by the Honorable Christopher S. Sontchi, U.S.B.J., and having considered the parties' papers submitted in connection therewith;

IT IS ORDERED that the Bankruptcy Court's Order is **AFFIRMED** for the reasons that follow:

Background.[2] On October 6, 2008, Archway Cookies LLC and Mother's Cake & Cookie Co. (collectively, the "Debtors") filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), Bankr. Case No. 08-12323-CSS. On January 9, 2009, the Debtors converted their cases to ones under Chapter 7; Jeoffrey L. Burtch was appointed as the Chapter 7 trustee.

On July 15, 2009, the Trustee instituted an adversary proceeding in the Bankruptcy Court, Adv. Pro. No. 09-51429-CSS, against Defendant/Appellee, Detroit Forming, Inc. ("DFI"), pursuant to 11 U.S.C. §§ 547 and 550. By his adversary action, the Trustee sought to avoid and recover as preferential six transfers totaling $180,648.17 made by the Debtors to DFI. The Trustee ultimately acknowledged that DFI had provided unpaid new value to the Debtors in the amount of $111,973.89, leaving the parties' dispute limited to whether the remaining $68,674.28[3]

---

[1] (D.I. 1; *Burtch v. Detroit Forming, Inc. (In re Archway Cookies)*, 435 B.R. 234 (Bankr. D. Del. 2010))

[2] More than three years have passed since the entry of the Bankruptcy Court Order that is the subject of this Appeal; the appellate briefing was completed nearly two years ago. The parties have not provided the Court with any supplemental briefing, status report, or notice of subsequent developments. Hence, the Court will decide the issues presented in this Appeal solely on the basis of the briefing and record the parties created several years ago.

[3] Although the Opinion reflects "68,672.28" as the amount in dispute, the Court reads this simply as a typographical error. *See Archway*, 435 B.R. at 237.

of transfers to DFI were protected by the ordinary course of business defense set forth in § 547(c)(2)(A).

DFI moved for summary judgment that the preferential transfers, if any, were not avoidable as having been made in the ordinary course of business. The Bankruptcy Court determined that the transfers were made "in the ordinary course of business or financial affairs of the debtor and the transferee," pursuant to 11 U.S.C. § 547(c)(2)(A), and granted summary judgment to DFI. (*See* D.I. 1 Exs. A & B)

The Trustee filed a Notice of Appeal of the Order with the Bankruptcy Court on or about September 13, 2010 (the "Notice of Appeal"). (*See* D.I. 2) The Notice of Appeal was entered on the docket of this Court on October 20, 2010. (D.I. 4)

Contentions. Appellant contends that the Bankruptcy Court erred: (i) "in not applying the proper legal standard for granting summary judgment by not drawing all reasonable inferences, as to material facts, in favor of the Trustee as the non–moving party;" (ii) "in holding that the subjective test under 11 U.S.C. Section 547(c)(2) only reviews the transactions between the debtor and creditor and not the debtor's transactions with all of its creditors;" and (iii) in "holding that the payments made by the debtor to [DFI] during the Preference Period were made in the ordinary course of business pursuant to 11 U.S.C. Section 547(c)(2)." (D.I. 2 at 2-3) In particular, the Trustee emphasizes what it characterizes as the Bankruptcy Court's "improper assessment of weight to the parties' factual presentations," especially what the Trustee regards as inappropriately favoring Appellees' "Patterson Declarations" over the Trustee's "Troisio Affidavit." (D.I. 13 at 4; *see also* D.I. 11 at 4-6)

With respect to the Bankruptcy Court's holding that the payments made by the Debtors to

3

DFI during the Preference Period were made in the ordinary course, the Trustee disputes the importance of the evidence that DFI pressured the Debtors for payment in both the historical period and the preference period. (*See* D.I. 11 at 2, 6-20; D.I. 13 at 1, 4-5) The Trustee further faults the Bankruptcy Court's failure to recognize that the Debtors changed their payment practices from tendering checks via regular mail to overnight delivery during the preference period. (*See* D.I. 11 at 2, 6-11; D.I. 13 at 1, 6-7)

Appellee generally responds that the Bankruptcy Court properly applied the appropriate standard of review and also properly recognized the absence of genuine issues of material fact. (*See* D.I. 12)

Standard of review. Appeals from the Bankruptcy Court to this Court are governed by 28 U.S.C. § 158. Pursuant to § 158(a), district courts have mandatory jurisdiction to hear appeals "from final judgments, orders, and decrees" and discretionary jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(1) and (3). In conducting its review of the issues on appeal, the Court reviews the Bankruptcy Court's findings of fact for clear error and exercises plenary review over questions of law. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). The Court must "break down mixed questions of law and fact, applying the appropriate standard to each component." *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir. 1992).

Analysis. The Bankruptcy Court determined that the 11 U.S.C. § 547(c)(2) exception

applied because the challenged transfers were made "in the ordinary course of business." *Archway*, 435 B.R. at 245. The Trustee argues the Bankruptcy Court "should have accepted all of the Trustee's contradictory facts, and reasonable inferences drawn therefrom, as true." (D.I. 13 at 4) The Trustee agrees that the Bankruptcy Court accurately stated the summary judgment standard, but committed error in its application of that standard to the facts in the record. (*See id.* at 1-4)

Having reviewed the record, as well as the parties' briefing and other submissions, the Court reaches the same conclusion as the Bankruptcy Court. Even taking the record evidence in the light most favorable to the Trustee, and drawing all reasonable inferences in the Trustee's favor, a reasonable factfinder could conclude only that the challenged transfers were made in the ordinary course of business.

More particularly, with respect to "payment pressure," the Court agrees with the Bankruptcy Court that DFI's practices "were consistent with the historical dealings between the Debtors and [DFI]." *Archway*, 435 B.R. at 245; *see also id.* at 244 ("In the case at hand, the billing practices are consistent both in the Historic Period and the Preference Period.") (citing Patterson Dec. at ¶ 16 and Supp. Patterson Dec. at ¶¶ 1-4). Moreover, the payments to DFI were consistently made by check, both prior to and during the preference period, and the payment amounts were consistent, as were the timing of payments. *See Archway*, 435 B.R. at 243-44 (citing Patterson Dec. at '¶¶ 14, 20; Troisio Aff. at ¶ 26). The 5-day difference in the average number of days to payment during the historical period as compared to during the preference period , *see Archway*, 435 B.R. at 237, 244, and any change in the method of mail delivery used, *see id.* at 244, are not material.

The Court is not persuaded by the Trustee's suggestion that the relative number of references to affidavits provided by the Trustee and those provided by DFI indicate that the Bankruptcy Court improperly made credibility determinations or weighed the evidence. In any event, after review of the record, this Court likewise concludes that the record as a whole – including the parties' witnesses' declarations – do not create a genuine dispute of material fact.

Finally, the Trustee argued in its opening brief – but not its reply brief – that the Bankruptcy Court erred in not considering the Debtors' history of payments with other creditors in addition to DFI. (*See* D.I. 11 at 15-20) The Court finds no error in the Bankruptcy Court's approach, given the version of the statute applicable to this case. *See Archway*, 435 B.R. at 241, 244; *see also* 11 U.S.C. § 547(c)(2)(A) ("The trustee may not avoid . . . a transfer . . . to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was . . . ***made in the ordinary course of business or financial affairs of the debtor and the transferee* . . .**") (emphasis added); *see also generally In re Globe Mfg. Corp.*, 567 F.3d 1291, 1298 & n.4 (11th Cir. 2009) (explaining that under post-2005 statute, ordinary course of business defense may be established by evidence of either "subjective" relationship between specific debtor and specific creditor *or* "objective" evidence of prevailing industry standards).

Conclusion. Accordingly, the Bankruptcy Court's order is **AFFIRMED**. The Clerk of Court is directed to **CLOSE** this case.

_____
UNITED STATES DISTRICT JUDGE